# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2802

_____

United States of America,                          *
                                                   *
            Appellee,                              *
                                                   *    Appeal from the United States
       v.                                          *    District Court for the
                                                   *    District of Nebraska.
Juan Orozco-Osbaldo, aka Juan                      *
Carlos Palomera-Orozco,                            *
                                                   *
            Appellant.                             *

_____

Submitted: March 11, 2010
Filed: August 11, 2010

_____

Before SMITH, BENTON, and SHEPHERD, Circuit Judges.

_____

SMITH, Circuit Judge.

On August 20, 2008, the government charged Juan Orozco-Osbaldo with conspiracy to possess and distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. § 846, four counts of distribution of methamphetamine, in violation of 21 U.S.C. § 841, and forfeiture pursuant to 21 U.S.C. § 853. On April 19, 2009, Orozco-Osbaldo filed a motion to dismiss for violation of the Speedy Trial Act[1].

_____

[1] 18 U.S.C. § 3161(c)(1).

The district court[2] denied this motion. He then pleaded guilty to the conspiracy count, three distribution counts, and the forfeiture count[3]. The court then imposed a 235-month sentence. On appeal, Orozco-Osbaldo contends that the district court abused its discretion in denying his motion to dismiss for violation of the Speedy Trial Act. Orozco-Osbaldo also maintains that the court lacked a sufficient factual basis to accept his guilty plea as to the conspiracy count. Finally, Orozco-Osbaldo argues that the district court improperly considered and relied upon unrecorded proceedings to support the acceptance of his guilty pleas. We find no error and affirm.

## I. *Background*

On August 20, 2008, the government filed an indictment charging Orozco-Osbaldo with conspiracy to possess and distribute at least 50 grams of methamphetamine, in violation of § 846, four counts of distribution of methamphetamine, in violation of § 841, and forfeiture pursuant § 853. On September 9, 2008, Orozco-Osbaldo filed a motion to continue, which the district court granted on September 19, 2008, and trial was continued until November 17, 2008. The court excluded the time from the date of the order until the new trial date from the speedy trial calculation. On October 31, 2008, the government filed a motion seeking to join Orozco-Osbaldo with five other defendants, which Orozco-Osbaldo did not resist. On February 6, 2009, the court granted the motion for joinder in part and set trial for March 16, 2009 (Victor Briones-Hernandez and Juan Correa-Gutierrez were joined with Orozco-Osbaldo for trial). On February 26, 2009, Briones-Hernandez filed a motion to continue the March trial date. The court granted this motion on March 4, 2009. At the same time, the court set the new trial date for April 20, 2009. The court noted that the order affected all three cases and excluded the time between March 16, 2009, and April 20, 2009, from the speedy trial calculation for each defendant. On

[2]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

[3]The government dropped the fourth distribution count.

March 13, 2009, the government filed a motion to take a deposition. The court denied that motion on March 24, 2009. The court also excluded this time from the speedy trial calculation.

Orozco-Osbaldo filed his motion to dismiss for violation of the Speedy Trial Act on April 19, 2009. The court denied this motion the next day. Orozco-Osbaldo proceeded to jury trial on April 21, 2009. After an off the record discussion between the district court, Orozco-Osbaldo and the attorneys for the parties, the court accepted the guilty plea and sentenced Orozco-Osbaldo to 235 months' imprisonment.

## II. *Discussion*
### A. *Speedy Trial Act*

On appeal, Orozco-Osbaldo maintains the court erred in denying his motion because it should not have excluded the period during which the court considered the motion for joinder from the speedy trial calculation. Orozco-Osbaldo contends that the district court took too long in considering this motion. Orozco-Osbaldo argues that once these days are included, the Speedy Trial Act is violated.

"In the context of Speedy Trial Act rulings, we review a district court's legal conclusions de novo, its factual findings for clear error, and its ultimate determination for an abuse of discretion." *United States v. Lucas*, 499 F.3d 769, 782 (8th Cir. 2007).

We are unpersuaded by Orozco-Osbaldo's arguments. The Speedy Trial Act provides that a trial shall "commence within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). However, the Speedy Trial Act describes "periods of delay" that "shall be excluded . . . in computing the time within which the trial of any such offense must commence . . . ." *Id.* § 3161(h).

In this case, the district court properly excluded the period during which it considered the motion for joinder as a "period of delay" pursuant to § 3161(h)(1)(D), which excludes from the speedy trial calculation "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." Orozco-Osbaldo cites no authority to support his argument that the district court took too long in considering the motion for joinder other than to contend that it was unreasonable. A plain reading of the statute disposes of his argument because while the statute explicitly places time limits on certain[4] "periods of delay," it does not include delay in the prompt disposition of pretrial motions in those periods. *Id.* Because the district court properly excluded the period during which it considered the pretrial motion for joinder, we find no violation of the Speedy Trial Act.

B. *Factual Basis for the Guilty Plea to the Conspiracy Count*

Next, Orozco-Osbaldo contends that the district court had an insufficient factual basis to accept his guilty plea as to the conspiracy count.

Orozco-Osbaldo did not object to the lack of a factual basis for his guilty plea at the plea hearing, and accordingly, we review for plain error. *See United States v. Williams*, 557 F.3d 556, 559 (8th Cir. 2009); *United States v. Vonn*, 535 U.S. 55, 59 (2002) ("[A] silent defendant has the burden to satisfy the plain-error rule . . . ."); *see also* Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."). "Plain error exists when (1) there is error (2) which is plain and (3) affects substantial rights, and we should only exercise our discretion to correct such error if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Milam*, 494 F.3d 640, 643 (8th Cir. 2007).

---

[4]Section 3161(h)(1)(F) establishes a ten-day limit for transportation of the defendant and § 3161(h)(1)(H) establishes a thirty-day limit for periods when proceedings are under advisement.

Federal Rule of Criminal Procedure 11(b)(3) provides that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."

> For the purposes of [Rule 11(b)(3),] . . . a factual basis for a plea of guilty is established when the court determines there is sufficient evidence at the time of the plea upon which the court may reasonably determine that the defendant likely committed the offense. This determination is satisfied if the transcript describes the acts to which the defendant pleaded guilty.
>
> * * *
>
> We have held that facts gathered from the prosecutor's summarization of the plea agreement and the language of the plea agreement itself, a colloquy between the defendant and the district court, and the stipulated facts before the district court are sufficient to find a factual basis for a guilty plea. The court may also consider facts set forth in the presentence report to determine whether a factual basis for a guilty plea exists.

*United States v. Brown*, 331 F.3d 591, 594–95 (8th Cir. 2003) (internal quotations and citations omitted). In this case, the evidence adduced during the day of trial, the colloquy between the court and counsel for the government at Orozco-Osbaldo's Rule 11 proceeding, and the facts contained in the properly-relied-upon presentence investigation report provide a sufficient factual basis to support the district court's acceptance of the guilty plea as to the conspiracy count. This evidence, including statements of cooperating witnesses, establishes that Orozco-Osbaldo conspired with others to sell large quantities of methamphetamine. On these facts we do not discern any error, plain or otherwise, on the part of the district court.

### C. *Information Considered by the District Court*

Finally, Orozco-Osbaldo contends that the district court violated the recording requirement of Federal Rule of Criminal Procedure 11(g). Specifically, he argues that

the court improperly considered and relied upon unrecorded proceedings to support the acceptance of his guilty pleas. Rule 11(g) states:

> Recording the proceedings. The proceedings during which the defendant enters a plea must be recorded by a court reporter or by a suitable recording device. If there is a guilty plea or a nolo contendere plea, the record must include the inquiries and advice to the defendant required under Rule 11(b) and (c).

Orozco-Osbaldo maintains that the district court improperly considered an off-the-record exchange between the court and himself. Orozco-Osbaldo is correct that an off-the-record exchange took place in conjunction with the Rule 11 proceeding. However, he fails to show that anything in the conversation that the district court disclosed and discussed in the sentencing transcript implicated any recording requirements outlined in Rule 11(g). The court specifically stated that it used the conversation, which included counsel for the government and Orozco-Osbaldo, to confirm the court's understanding of Orozco-Osbaldo's plea. The court did not interject itself into the plea agreement process or fail to insure the record contained "the inquiries and advice to the defendant required by Rule 11(b) and (c)." Consequently, we find that the district court did not improperly consider or rely upon any unrecorded proceedings.

### III. *Conclusion*

Accordingly, the judgment of the district court is affirmed.

_____