# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2450

_____

United States of America

*Plaintiff - Appellee*

v.

Delmarcus Deante Johnson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: February 15, 2013
Filed: June 3, 2013

_____

Before SMITH, MELLOY, and BENTON, Circuit Judges.

_____

SMITH, Circuit Judge.

Delmarcus Deante Johnson pleaded guilty pursuant to a plea agreement to one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Following entry of his guilty plea, Johnson moved to withdraw his plea.

The district court[1] denied Johnson's motion to withdraw his plea. On appeal, he argues that the district court failed to comply with Federal Rule of Criminal Procedure 11(b)(3) because his guilty plea lacks a factual basis. Specifically, he asserts that nothing in the record supports a finding that the video at issue was "produced" using materials that moved in interstate commerce. *See* 18 U.S.C. § 2252(a)(4)(B). Additionally, he contends that the district court abused its discretion in denying his motion to withdraw because he articulated a fair and just reason to withdraw his plea. We affirm.

## I. *Background*

Johnson was charged in a one-count indictment with possession of child pornography, in violation of § 2252(a)(4)(B) and (b)(2). The indictment provided that Johnson

> did knowingly possess one or more matters that contained a visual depiction which was *produced* using materials that had been mailed, shipped and transported in interstate commerce by any means, where the production of such visual depiction involved the use of [a] minor engaging in sexually explicit conduct and the visual depiction is of such conduct, including but not limited to the following digital image file: MOV01485.mpg, all in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2).

(Emphasis added.)

Johnson, representing himself, and with stand-by counsel, entered into a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) with the government in which Johnson agreed to plead guilty to the offense. Paragraph 2 of the plea agreement set forth the factual basis of the plea as follows:

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

The defendant agrees that in or about May 2010, in the State and District of Minnesota, he possessed a video which depicts him engaging in sexual intercourse with Minor A at a motel in the Minneapolis, Minnesota area. The defendant agrees that the video of the sex act was *stored* on a device that was manufactured outside of the state of Minnesota. Therefore, the defendant agrees that the image he possessed *was stored on materials that had been mailed, shipped or transported in interstate commerce*.

(Emphases added.)

In ¶ 6 of the plea agreement, "the parties agree[d] pursuant to Fed. R. Crim. P. 11(c)(1)(C) that a sentence that does not exceed 36 months imprisonment[] is appropriate after consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a)." The government agreed to "seek a sentence of 36 months," while Johnson reserved the right to "seek a lower sentence."

At the change-of-plea hearing, the district court expressed its intent to accept the plea agreement under Rule 11(c)(1)(C) and sentence Johnson to 36 months' imprisonment or less. The government then reviewed the plea agreement with Johnson. Johnson agreed that he was pleading guilty to "possession of child pornography[,] in violation of 18 United States Code Sections 2252(a)(4)(B) and 2252(b)(2)." The government then reviewed the factual basis for the plea with Johnson, and the following exchange occurred:

MR. STEINKAMP [for the government]: Now, so here is what I'm going to ask you. On or about May of 2010, you possessed an electronic device that had on it a video, correct?

THE DEFENDANT: Yes.

MR. STEINKAMP: And it was a video of you and your then 17-year-old girlfriend, who we've referred to in the plea agreement as "Minor A", correct?

THE DEFENDANT: Yes, sir.

MR. STEINKAMP: And you know who I mean when I say "Minor A"?

THE DEFENDANT: Yes, sir.

MR. STEINKAMP: I think we can say her initials are D.P. without identifying her in the courtroom.

THE DEFENDANT: Yes, sir.

MR. STEINKAMP: But that's the person we're talking about?

THE DEFENDANT: Yes, sir.

MR. STEINKAMP: And that person was on the tape with you and you—that tape shows you and Minor A engaging in a sexual act, correct?

THE DEFENDANT: Yes, sir.

MR. STEINKAMP: And at the time you—that that was taken, Minor A was under the age of 18, correct?

THE DEFENDANT: Yes, sir.

MR. STEINKAMP: She was—she could consensually have sex under the laws of Minnesota, correct?

THE DEFENDANT: Yes, sir.

MR. STEINKAMP: *But you now know, and you didn't know then, that you could not videotape consensual sex between you and her under federal law, true*?

THE DEFENDANT: *True*.

MR. STEINKAMP: *You agree that you now know that the law says that you cannot do that*?

THE DEFENDANT: Yes, sir.

MR. STEINKAMP: Okay. So, therefore, do you agree that you're guilty of that offense under federal law?

THE DEFENDANT: Yes, sir.

MR. STEINKAMP: Okay. Let me just make one other thing clear, your Honor.

THE COURT: Certainly.

MR. STEINKAMP: You agree that the *camera* that *was—that stored this video was manufactured outside of Minnesota*. It was likely made in probably an eastern country like Korea, Japan. *You're not saying that that camera didn't move in interstate commerce. You think it did, right*?

THE DEFENDANT: *Yes. Yes, sir*.

(Emphases added.)

During the hearing, the court advised Johnson that it "must be satisfied that [Johnson's] decision to enter into this [plea] is a knowing, voluntary, conscious decision on [his] part." The court explained that it had to satisfy itself that no one threatened or promised Johnson anything in return for his guilty plea and that "[t]his

is a voluntary decision on [Johnson's] part." Following the government's review of the factual basis for the plea, the court reviewed with Johnson his constitutional rights, including his right to proceed to trial on the charges against him. The court explained that Johnson was foregoing those rights by pleading guilty, and Johnson indicated that he understood. The court then asked Johnson's stand-by counsel whether he was "satisfied that the decision that [Johnson] is making here today is a voluntary, conscious decision on his part," and stand-by counsel replied, "Yes I do, your Honor. I've had a chance to discuss this plea agreement, other plea agreements with Mr. Johnson. I think he is intelligent, articulate. I think he understands the nature of the plea agreement, the proceedings here in court today, and all the potential ramifications." Stand-by counsel was not "aware of any reason [why the court] should not accept the plea agreement."

Before accepting Johnson's plea, the court inquired whether the government was "satisfied that [it] ha[d] sufficient admissible evidence to sustain a conviction to the charges in Count 1 of the Indictment if the matter did proceed to trial." The government confirmed that it did have sufficient evidence to sustain the conviction. After making sure that Johnson had no additional questions for the court or his stand-by counsel, the court asked Johnson whether he was "prepared to proceed . . . with a plea." Johnson responded that he was and then pleaded guilty to the charge. The court accepted Johnson's guilty plea.

Approximately one month after the change-of-plea hearing, Johnson filed his first motion to withdraw his guilty plea, contending that his plea was coerced, he was denied adequate assistance from his stand-by counsel, he was scared, he lacked access to a law library, and he was mislead about the plea bargain. Thereafter, he filed a "Continuing Motion to Withdraw Guilty Plea" in which he stated, among other things:

3. The justice of the law should protect me although I pleaded guilty (involuntarily, threatened and coerced) but not had also realized [sic] that my alleged conduct of allegedly claiming that a backpack that was twenty feet away from me was mines [sic] does not fall within . . . the charge of possession. . . . I was tricked into thinking that I would be found guilty to "those" circumstances of "that" back[p]ack holding the camera with the alleged pornographic image of a minor sitting in a corner which I never claimed to be mines [sic]! I believe that in my heart that I should not be found guilty *and there is no factual basis for the plea*, and would request that the involuntary plea be set aside and this matter be set for trial to protect my innocence.

(Emphasis added.)[2]

The court denied Johnson's motion to withdraw his guilty plea, rejecting Johnson's argument "that the [g]overnment cannot prove that the offense with which he was charged and to which he entered a guilty plea affects interstate commerce." According to the court:

[T]he government satisfied the interstate commerce element here. First, the plea agreement that the Defendant signed and agreed to specifically states that the materials used to *produce* the child pornography he is charged with possessing were *produced* and stored on "materials that had been mailed[,] shipped or transported in interstate commerce." Plea Agreement, ¶ 2. Second, the [g]overnment advised the [c]ourt that it had sufficient admissible evidence to support a conviction to the charge in the Indictment. Plea Transcript, 36. Finally, the Defendant in his sworn plea admitted that the images he possessed were *produced* using materials transported in interstate commerce. Plea Transcript, 30. Such evidence satisfies the jurisdictional requirement of 18 U.S.C. § 2252.

---

[2]Following this supplemental motion, Johnson filed two additional motions to withdraw his plea.

(Emphases added.)[3]

The court also rejected Johnson's claim that it should allow him to withdraw his guilty plea based on ineffective assistance of counsel, explaining that Johnson chose to proceed pro se after the court "warned of the perils of proceeding in such a manner." The court concluded that Johnson's "stand-by counsel could not have been ineffective" given that Johnson "was his own counsel" and the court never "authorized hybrid representation." Finally, the court concluded that Johnson failed to show a fair and just reason under Federal Rule of Criminal Procedure 11(d)(2)(B) to justify the withdrawal of the plea.

The district court ultimately sentenced Johnson to 36 months' imprisonment—the maximum time permitted under the Rule 11(c)(1)(C) plea agreement.

II. *Discussion*

Johnson challenges his conviction, contending that the district court violated Federal Rule of Criminal Procedure 11(b)(3) by failing to determine that a factual basis for his plea existed. Specifically, he asserts that nothing in the record supports a finding that the video at issue was "produced" using materials that moved in interstate commerce. *See* 18 U.S.C. § 2252(a)(4)(B). Additionally, he contends that the district court abused its discretion in denying his motion to withdraw his guilty plea because he asserted his innocence and articulated a fair and just reason to withdraw his plea.

---

[3]The district court's use of the terms "produce" and "produced" in describing the plea agreement is inaccurate. As previously noted, ¶ 2 of the plea agreement uses the term "stored."

## A. *Factual Basis for Plea*

Johnson first argues that his plea lacks a factual basis under Rule 11(b)(3) because nothing in the record supports a finding that he "produced" the video using materials that moved in interstate commerce. According to Johnson, he only admitted that the video was "stored" on a device that moved in interstate commerce.

> Rule 11(b)(3) requires that, "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." This provision is "satisfied by the existence of sufficient evidence at the time of the plea upon which a court may reasonably determine that the defendant likely committed the offense." *United States v. Gamble*, 327 F.3d 662, 664 (8th Cir. 2003) (internal quotation omitted).

*United States v. Frook*, 616 F.3d 773, 776 (8th Cir. 2010). In determining whether a factual basis exists for the plea, the district "court may consider stipulated facts in a plea agreement along with any other evidence presented at a plea hearing." *Id*. "Although [a] district court [may] not [have] set forth its reasons for accepting [a defendant's] plea, the record [may] reflect[] that a factual basis did exist." *Id*.

"The purpose of [Rule 11(b)(3)] is to protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." *United States v. Heid*, 651 F.3d 850, 854 (8th Cir. 2011) (quotations and citations omitted). "[A] district court's failure to comply with Rule 11 calls into question the knowing and voluntary nature of a plea, and thus its validity." *Frook*, 616 F.3d at 775. A defendant's entry of an unconditional guilty plea following "an imperfect Rule 11 colloquy . . . do[es] not 'waive' all errors under Rule 11." *Id*.

> If a district court accepts a guilty plea based on a set of facts that plainly and obviously does not constitute a federal offense, but nonetheless determines pursuant to Rule 11(b)(3) that the defendant's conduct did

violate federal law, then there has been a violation of the Rule 11 scheme designed to ensure a knowing and voluntary plea.

*Id.*

Johnson and the government dispute which standard of review applies to our review of his alleged Rule 11 error. Johnson argues that we should apply harmless error, while the government argues that plain error applies. *See United States v. Gray*, 581 F.3d 749, 752 (8th Cir. 2009) ("When considering an alleged Rule 11 error, this Court must first determine if the defendant objected before the district court. If so, we review for harmless error, and the government has the burden of proving the defendant's knowledge and comprehension of the omitted information would not have been likely to affect his willingness to plead guilty. If not, we review for plain error, and the burden is on the defendant to show he would have plead not guilty but for the Rule 11 violation." (internal citation omitted)). We need not definitively resolve which standard of review applies because we conclude that no Rule 11(b)(3) error occurred, as sufficient evidence exists from which the district court could reasonably conclude that Johnson committed the charged offense. *See United States v. Christenson*, 653 F.3d 697, 700 (8th Cir. 2011).

> Our review of the factual basis for a guilty plea is limited. We ask only whether there was sufficient evidence before the district court "upon which a court may reasonably determine that the defendant likely committed the offense." *See United States v. Cheney*, 571 F.3d 764, 769 (8th Cir. 2009) (internal quotation omitted). "We have held that facts gathered from the prosecutor's summarization of the plea agreement and the language of the plea agreement itself, a colloquy between the defendant and the district court, and the stipulated facts before the district court are sufficient to find a factual basis for a guilty plea." *United States v. Orozco–Osbaldo*, 615 F.3d 955, 958 (8th Cir. 2010) (internal quotation omitted). We may also consider facts set forth in the presentence report to determine whether there was a sufficient factual

basis for the plea. *See Orozco–Osbaldo*, 615 F.3d at 958; *United States v. Brown*, 331 F.3d 591, 595 (8th Cir. 2003); *cf. Howard v. United States*, 135 F.3d 506, 509–10 (7th Cir. 1998).

*Id*.

Here, Johnson pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). A defendant violates § 2252(a)(4)(B) if he "knowingly possessed an item of child pornography which was transported or produced using materials transported in interstate commerce." *United States v. Koch*, 625 F.3d 470, 478 (8th Cir. 2010). "[T]he government [is] required to establish that the child pornography [that the defendant] possessed had been transported in interstate commerce *or produced using such materials*." *Id*. at 479 (emphasis added). Here, the indictment charged Johnson with possessing a video "which was produced using materials that had been mailed, shipped and transported in interstate commerce by any means."

"'Producing' is defined as 'producing, directing, manufacturing, issuing, publishing, or advertising.'" *United States v. Fadl*, 498 F.3d 862, 866 (8th Cir. 2007). We have previously recognized that

> [t]he fact that "producing" is retained in the definition and placed alongside other terms indicates that Congress intended to retain a non-technical definition of the term "producing" *(that is, in the sense of creating or making)*, but also sought to expand its scope to include activities that may not be generally considered to fall within the typical meaning of the term. We therefore conclude that list of terms in the definition reflects Congress's intention to enact a broad definition of "producing" that encompasses the varied means by which *an individual might actively participate in the creation and distribution of child pornography*.

*Id*. at 866–67 (emphases added).

Johnson points out that the factual-basis paragraph in the plea agreement only states "that the image he possessed was *stored* on materials that had been mailed, shipped or transported in interstate commerce." (Emphasis added.) He also notes that he only agreed during the change-of-plea hearing "that the camera that *stored* the video was manufactured outside of the State Minnesota." According to Johnson, "'[s]toring' and 'producing' are not synonymous, and the statutory definition of 'producing' in § 2256 does not include 'storing.' Therefore, mere storage of the video on materials that moved in interstate commerce does not come within the conduct prohibited by the statute." He also argues that the government's representation to the court that it had sufficient evidence to sustain the conviction is insufficient to establish the production element because the government failed to describe the record evidence. Thus, Johnson concludes that "[t]he district court violated Rule 11 by not enforcing the plain language of the statute, which requires showing that the video was produced—not stored—using materials that moved in interstate commerce." (Emphasis omitted.)

But Johnson overlooks his admissions at the change-of-plea hearing, which support a finding that he "produced" the video found on the camera; that is, he "created" or "made" the child pornography or "actively participate[d] in the creation . . . of child pornography." *See Fadl*, 498 F.3d at 867. The government asked Johnson, "[Y]ou now know . . . that *you could not videotape* consensual sex between you and [your minor girlfriend] under federal law, true?" (Emphasis added.) Johnson responded, "True." By answering in the affirmative, Johnson admitted that it was unlawful for him to videotape the sexual encounter, i.e., "create" or "make" the child pornography. *See Fadl*, 498 F.3d at 867. In answering a follow-up question, Johnson acknowledged that federal "law says that [he] cannot do that," i.e., videotape a consensual sexual encounter with a minor. He also agreed that he "*possessed* an electronic device[, the camera,] that had on it a [child-pornography] video" and that this "camera . . . that stored this video was manufactured outside of Minnesota" and therefore "move[d] in interstate commerce." (Emphasis added.) Based on this

-12-

evidence, the district court could reasonably infer that the camera that traveled in interstate commerce, which Johnson possessed and which stored the child-pornography video, was the same one that Johnson used to create the video.[4]

Therefore, we conclude that no Rule 11(b)(3) error occurred, as sufficient evidence exists from which the district court could reasonably conclude that Johnson committed the charged offense. *See Christenson*, 653 F.3d at 700.

## B. *Motion to Withdraw Guilty Plea*

Johnson also argues that the district court abused its discretion in denying his motion to withdraw his guilty plea because he "timely articulated a fair and just reason for withdrawing the plea because he challenged [the] voluntariness of his plea." (Emphasis omitted.) Specifically, he asserts that he "challenged [the] voluntariness of the plea [that] he entered by asserting that (1) the plea lacks [a] factual basis and (2) he did not possess an understanding of the law in relation to the facts."

> "After a guilty plea is accepted but before sentencing, a defendant may withdraw the plea if he establishes 'a fair and just reason for requesting

---

[4]Johnson relies extensively on Sixth Circuit precedent in his reply brief. *See, e.g.*, *United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir. 1988) ("In our judgment, to permit the district court to infer a factual basis in the absence of a record demonstrating the existence of a factual basis would tend to negate the well-established safeguards inherent in the Rule 11(f) mandate."). In *Goldberg*, the court had a very limited record on which to prove that the defendant *affirmatively* concealed mail fraud—a much more fact-intensive inquiry than here. The record here is more detailed and does not require an inference of the entire factual basis—rather, the circumstantial evidence (as well as Johnson's admission of breaking the law) allows the court to "reasonably determine that the defendant likely committed the offense." *Frook*, 616 F.3d at 776 (quotation and citation omitted); *see also id.* (circumstantial proof acceptable); *United States v. Cheney*, 571 F.3d 764, 769 (8th Cir. 2009) (same).

-13-

the withdrawal.'" *United States v. Goodson*, 569 F.3d 379, 382 (8th Cir. 2009) (quoting Fed. R. Crim. P. 11(d)(2)(B)). "While the standard is liberal, the defendant has no automatic right to withdraw a plea." *United States v. Ramirez–Hernandez*, 449 F.3d 824, 826 (8th Cir. 2006). "Even if such a fair and just reason exists, before granting the motion a court must consider 'whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion.'" *Id*. (quoting *United States v. Nichols*, 986 F.2d 1199, 1201 (8th Cir. 1993)). However, "[i]f the defendant fails to establish a fair and just reason for withdrawing the guilty plea, the trial court need not address the remaining considerations." *Nichols*, 986 F.2d at 1201. We review the district court's decision not to allow the withdrawal of a guilty plea for an abuse of discretion. *United States v. Maxwell*, 498 F.3d 799, 801 (8th Cir. 2007); *United States v. Wicker*, 80 F.3d 263, 266 (8th Cir. 1996).

*United States v. Heid*, 651 F.3d 850, 853–54 (8th Cir. 2011).

We conclude that the district court did not abuse its discretion in denying Johnson's motion to withdraw his guilty plea because Johnson failed to establish a fair and just reason for the withdrawal of the plea. *See id*. First, we have already concluded that a factual basis does exist for the guilty plea.

Second, the record reflects that Johnson did possess "an understanding of the law in relation to the facts." *See McCarthy v. United States*, 394 U.S. 459, 466 (1969) ("Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts."). Johnson contends "that his stand-by counsel failed to provide him with legal research," which shows that his plea was involuntary because he did not understand the law. But Johnson chose to represent himself, and "a defendant who has elected to proceed pro se cannot later complain of

his own ineffectiveness as a ground for reversal." *United States v. Weisman*, 858 F.2d 389, 391 (8th Cir. 1988).

Furthermore, a review of the change-of-plea transcript belies Johnson's claims that he did not voluntarily enter his guilty plea. We agree with the government that, "[d]uring his plea colloquy, [Johnson] indicated he was clear headed, was able to make decisions, understood the consequences of his plea, had sufficient time to review the charges, understood the . . . plea agreement that was offered, and wished to take advantage of the offer and enter a guilty plea." Following the government's review of the factual basis for the plea, the court reviewed with Johnson his constitutional rights and explained that Johnson was foregoing those rights by pleading guilty. Johnson indicated that he understood. When the court inquired of stand-by counsel whether counsel believed that Johnson was voluntarily and knowingly entering his guilty plea, stand-by counsel answered in the affirmative. Counsel explained that he had reviewed the plea agreement with Johnson and expressed his belief that Johnson "is intelligent [and] articulate" and "underst[oo]d the nature of the plea agreement, the proceedings . . . in court . . . , and all the potential ramifications."

"In short, there is no indication in the record of any fair and just reason to allow [Johnson] to withdraw his guilty plea[], and the district court did not abuse its discretion in refusing to allow withdrawal." *See United States v. Osei*, 679 F.3d 742, 747 (8th Cir. 2012) (rejecting the defendant's argument that a fair and just reason existed for the withdrawal of his guilty pleas "because the pleas were predicated on his attorney's urgings and direction, he misunderstood the parties' agreement regarding relevant conduct for sentencing, and he demonstrated clear confusion . . . during the Rule 11 colloquy" where the defendant was "highly educated," "testified clearly to the factual bases of his guilty pleas," "responded coherently when the court asked him whether he had adequately conferred with his attorneys," and

"listened and indicated his understanding and acceptance when the court explained to him that his guilty pleas would be final").

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____