# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1596
_____

United States of America,

*Plaintiff - Appellee,*

v.

Gregory Herbert Markham,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the Southern District of Iowa - Western
_____

Submitted: September 25, 2020
Filed: October 1, 2020
[Unpublished]
_____

Before COLLOTON, BENTON, and KOBES, Circuit Judges.
_____

PER CURIAM.

Gregory Herbert Markham appeals after he pleaded guilty to sex and drug offenses and the district court[1] imposed a sentence at the bottom of the advisory

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

sentencing guideline range. His counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the substantive reasonableness of the sentence.

To the extent Markham's argument implies that the district court erred in failing to grant his request for a downward departure, we conclude that because the district court was aware of its authority to depart downward, its discretionary decision not to do so is unreviewable. *See United States v. Bryant*, 606 F.3d 912, 919 (8th Cir. 2010). On careful review under a deferential abuse-of-discretion standard, *see Gall v. United States*, 552 U.S. 38, 41 (2007), we further conclude that the district court did not impose an unreasonable sentence. The court properly considered the factors set forth in 18 U.S.C. § 3553(a), and there is no indication that the court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing relevant factors and declining to vary downward. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc); *see also United States v. Lewis*, 593 F.3d 765, 773 (8th Cir. 2010). Moreover, despite Markham's suggestion to the contrary, the district court did not plainly err in declining to grant an additional reduction for acceptance of responsibility, because he entered his plea well beyond the deadline for doing so and on the eve of trial. *See* U.S.S.G. § 3E1.1(b).

To the extent that some of Markham's arguments, including that he did not knowingly distribute drugs or intentionally possess child pornography, could be construed as challenging the voluntary nature of his plea based on the factual basis, *see* Fed. R. Crim. P. 11(b)(3); *United States v. Frook*, 616 F.3d 773, 775 (8th Cir. 2010), and assuming for the sake of analysis that these arguments fall outside of the scope of his partial appeal waiver, we conclude that Markham's statements at his plea hearing establish his plea was knowing and voluntary. *See Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997). The district court did not plainly err in determining that there was a sufficient factual basis for Markham's guilty plea based

on the stipulated facts and the district court's colloquy with him. *See United States v. Christenson*, 653 F.3d 697, 700 (8th Cir. 2011).

Finally, we have independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and have found no nonfrivolous issues for appeal. Accordingly, we affirm the judgment.

_____