United States Court of Appeals

For the Eighth Circuit

_____

No. 20-3221
_____

United States of America

*Plaintiff - Appellee*

v.

Seth A. Barnhart

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau
_____

Submitted: April 27, 2021
Filed: April 30, 2021
[Unpublished]
_____

Before GRUENDER, MELLOY, and KELLY, Circuit Judges.
_____

PER CURIAM.

Seth Barnhart appeals after he pleaded guilty to a firearms offense, and the district court[1] sentenced him to 115 months in prison. His counsel has moved for

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging his sentence. Barnhart has moved for appointment of new counsel, and has filed a pro se brief challenging the plea and the sentencing procedures.

We reject Barnhart's claim that he was factually innocent and did not fully understand the charges, as the plea hearing transcript shows he knowingly and voluntarily entered into the plea agreement. See United States v. Christenson, 653 F.3d 697, 700 (8th Cir. 2011) (challenge to factual basis is reviewed for plain error if not raised in the district court; court asks only whether there was sufficient evidence before district court upon which it could reasonably determine that defendant likely committed offense); United States v. Green, 521 F.3d 929, 931 (8th Cir. 2008) (whether a plea was knowing and voluntary is reviewed de novo); United States v. Andis, 333 F.3d 886, 890-91 (8th Cir. 2003) (one important way district court can ensure plea agreement is knowing and voluntary is to question defendant about decision to enter into agreement); see also Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea-taking carry strong presumption of verity).

We also conclude that the district court correctly calculated Barnhart's offense level, see United States v. Moore, 565 F.3d 435, 437 (8th Cir. 2009) (unobjected-to procedural sentencing error is reviewed under plain error standard); and that the government was not required to disclose the witnesses it planned to call at sentencing, see United States v. Boyce, 564 F.3d 911, 918 (8th Cir. 2009) (government is not required to provide a defendant with its witness list prior to a sentencing hearing; mere identity of witnesses is not exculpatory and is not covered by Brady v. Maryland, 373 U.S. 83 (1963)).

We further conclude that the district court did not impose a substantively unreasonable sentence, as the court properly considered the factors listed in 18 U.S.C.

§ 3553(a), did not err in weighing the relevant factors, and imposed a sentence within the Guidelines range. See United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (sentences are reviewed for substantive reasonableness under deferential abuse-of-discretion standard; abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors); see also United States v. Callaway, 762 F.3d 754, 760 (8th Cir. 2014) (on appeal, within-Guidelines-range sentence may be presumed reasonable).

We decline to address in this direct appeal Barnhart's claim that counsel was ineffective. See United States v. Hernandez, 281 F.3d 746, 749 (8th Cir. 2002) (generally, ineffective-assistance claim is not cognizable on direct appeal).

We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal. Accordingly, we affirm the judgment, grant counsel's motion to withdraw, and deny Barnhart's motion for counsel.

_____