# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-2427

———————————————

United States of America

*Plaintiff - Appellee*

v.

Jackie Harris

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Western District of Missouri - Springfield

————————

Submitted: July 9, 2021
Filed: July 20, 2021
[Unpublished]

————————

Before LOKEN, MELLOY, and KOBES, Circuit Judges.

————————

PER CURIAM.

Jackie Harris appealed *pro se* the judgment entered by the district court[1] after he pleaded guilty to drug and firearm offenses, pursuant to a plea agreement

———————————————

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

containing an appeal waiver. Because there was an issue whether the appeal was timely filed, we appointed counsel who then moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), acknowledging the appeal waiver and challenging the factual basis for the firearm count of conviction.

Assuming the issue is properly before us, we conclude the district court did not err in determining that there was a factual basis for Harris's plea to the firearm count based on the stipulated facts, the undisputed facts in the presentence report, Harris's statements at his plea hearing, and the district court's colloquy with him. See Fed. R. Crim. P. 11(b)(3); United States v. Christenson, 653 F.3d 697, 700 (8th Cir. 2011) (plain error review); United States v. Spencer, 439 F.3d 905, 914-15 (8th Cir. 2006).

We granted Harris an extension of time in which to file a *pro se* supplemental brief and have carefully considered that brief. Most of the issues he raises fall squarely within the scope of his appeal waiver. The assertion that his guilty plea was not knowing and voluntary because it was tainted by the ineffective assistance of counsel might fall outside the waiver, but the assertion is contrary to his sworn statements at the change-of-plea hearing and is therefore not cognizable on direct appeal. See United States v. Foy, 617 F.3d 1029, 1033-34 & n.3 Cir. 2010). Finally, we have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no nonfrivolous issues for appeal falling outside the scope of the waiver.

Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____