# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3042
_____

United States of America

*Plaintiff - Appellee*

v.

Willie Harbour

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: January 16, 2024
Filed: January 19, 2024
[Unpublished]
_____

Before BENTON, KELLY, and STRAS, Circuit Judges.
_____

PER CURIAM.

Willie Harbour received a 57-month prison sentence after he pleaded guilty to a felon-in-possession-of-a-firearm charge. *See* 18 U.S.C. § 922(g)(1). The two issues identified in an *Anders* brief are the enforceability of an appeal waiver in his plea agreement and the substantive reasonableness of the sentence. *See Anders v.*

*California*, 386 U.S. 738 (1967). A pro se supplemental brief questions the validity of the guilty plea itself.

The challenge to the plea falls outside the appeal waiver, *see United States v. Schneider*, 40 F.4th 849, 853 (8th Cir. 2022), but we conclude that Harbour acted voluntarily and knowingly in entering into it and the district court[1] had a reasonable basis to determine that he committed the offense, *see United States v. Frook*, 616 F.3d 773, 775–76 (8th Cir. 2010) (reviewing for plain error when the defendant did not object); *see also United States v. Christenson*, 653 F.3d 697, 700 (8th Cir. 2011) (explaining that facts from the plea agreement and presentence report can establish a factual basis). And then, by virtue of the waiver itself, Harbour relinquished the right to challenge the reasonableness of the sentence. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing the validity of an appeal waiver de novo); *United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the appeal falls within its scope, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing it would not result in a miscarriage of justice).

Finally, we have independently reviewed the record and conclude that no other non-frivolous issues exist.[2] *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988). We accordingly affirm for the most part, dismiss the sentencing challenge, grant counsel permission to withdraw, and deny the motion to appoint new counsel as moot.

———————————————

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

[2]We did, however, spot a clerical mistake, so we modify the judgment to reflect that Harbour was sentenced under 18 U.S.C. § 924(a)(8). *See* 28 U.S.C. § 2106.