# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2529
_____

United States of America

*Plaintiff - Appellee*

v.

Karom Bol

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Western
_____

Submitted: February 13, 2025
Filed: March 12, 2025
[Unpublished]
_____

Before GRUENDER, KELLY, and STRAS, Circuit Judges.
_____

PER CURIAM.

Karom Bol appeals the sentence the district court[1] imposed after he pled guilty to drug and firearms offenses. His counsel has moved for leave to withdraw, and has

---

[1]The Honorable Leonard T. Strand, United States District Judge for the Northern District of Iowa.

filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the constitutionality of the federal firearms statute. Bol has filed a supplemental pro se brief, challenging the factual basis underlying his conviction.

We conclude the federal firearms statute prohibiting possession of firearms in furtherance of drug trafficking crimes is facially constitutional. *See United States v. Howell*, 552 F.3d 709, 712 (8th Cir. 2009) (reviewing the constitutionality of federal statutes de novo); *United States v. Rahimi*, 602 U.S. 680, 693 (2024) (holding that the Second Amendment permits disarmament of individuals who pose a credible threat to the physical safety of others). As to Bol's arguments regarding the factual basis for his conviction, we conclude that his statements under oath, the undisputed facts set forth in the presentence investigation report, and his guilty plea are sufficient to support his conviction. *See United States v. Belmont*, 831 F.3d 1098, 1102-03 (8th Cir. 2016) (reviewing a challenge to the legal sufficiency of an undisputed factual basis de novo); *United States v. Christenson*, 653 F.3d 697, 700 (8th Cir. 2011) (noting that appellate review of the factual basis for a guilty plea is limited to whether there was sufficient evidence before the district court to reasonably determine that the defendant likely committed the offense, which may include the colloquy between the defendant and the court, stipulated facts, and the facts set forth in a presentence report); *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (emphasizing that a defendant's statements made during a plea hearing carry a strong presumption of verity).

We have also independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw and affirm.

_____