08-2886-cr
USA v. Bushey

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 12th day of January, two thousand ten.

Present:    WILFRED FEINBERG,
            ROBERT A. KATZMANN,
                        *Circuit Judges*,
            T.S. ELLIS, III,
                        *District Judge.**

_____

UNITED STATES OF AMERICA,

                        *Appellee*,

                - v -                         No. 08-2886-cr

MICHAEL PRESCOTT,

                        *Defendant-Appellant*.

_____

For Defendant-Appellant:          ARZA FELDMAN, Feldman & Feldman,
                                  Uniondale, N.Y.


For Appellee:                     JAMES J. GELBER, Assistant United States
                                  Attorney (Gregory L. Waples, Assistant United
                                  States Attorney, *on the brief*), *for* Paul J. Van
                                  De Graaf, Acting United States Attorney for the
                                  District of Vermont, Burlington, VT.

---

* The Honorable T.S. Ellis, III, United States District Judge for the Eastern District of Virginia, sitting by designation.

Appeal from the United States District Court for the District of Vermont (Sessions, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Michael Prescott appeals from an April 10, 2008 judgment of the United States District Court for the District of Vermont (Sessions, *C.J.*), convicting Prescott of violating the conditions of his supervised release, and sentencing Prescott to 21 months' imprisonment followed by a conditional two-year term of supervised release. We assume the parties' familiarity with the underlying facts, procedural history of this case, and the specification of issues on appeal.

As a threshold matter, the district court did not advise Prescott of his right to appeal, and Prescott did not file a notice of appeal in this case until June 10, 2008, nearly two months after the judgment was entered. The government has chosen to waive any objection to the untimeliness of Prescott's appeal, however, and we thus may "consider the appeal as though it were timely filed," *United States v. Frias*, 521 F.3d 229, 232-34 (2d Cir. 2008), without any need to determine whether or not the district court's failure to inform Prescott of his right to appeal amounts to harmless error, *see Soto v. United States*, 185 F.3d 48, 53-54 (2d Cir. 1999).

Turning to the merits of Prescott's appeal, Prescott first argues that the district court improperly determined that he violated a condition of supervised release by failing to appear for a revocation hearing. Generally speaking, a district court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release . . . , if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of

2

supervised release." 18 U.S.C. § 3583(e)(3). We review a district court's finding of a violation of supervised release for an abuse of discretion and its factual findings for clear error, *United States v. Carlton*, 442 F.3d 802, 810 (2d Cir. 2006), but review questions of law *de novo*, *United States v. Villafuerte*, 502 F.3d 204, 206-07 (2d Cir. 2007).

We find no error in the district court's finding. Specifically, 18 U.S.C. § 3146(a) provides that "[w]hoever, having been released under this chapter knowingly . . . fails to appear before a court as required by the conditions of release" shall be guilty of an offense. Prescott argues that he did not "fail to appear" within the meaning of section 3146 because Judge Sessions never personally "directed him to appear in any Court, on any date, at any time." There is no requirement, however, that a defendant must have learned of a scheduled court appearance directly from the district court judge in order to be found guilty of violating section 3146. To the contrary, it is well established that "[t]he government does not have to prove that the defendant actually received notice that he was required to appear," so long as the defendant was aware of the required appearance. 3 *Modern Federal Jury Instructions - Criminal* § 55-5 (2008); *see United States v. Currier*, 405 F.2d 1039, 1043 (2d Cir. 1969) (affirming conviction under section 3146, where the defendant "signed the bail bond which provided for consequences of failure to appear" and "was informed by his lawyer that he must appear"); *see also United States v. Grant*, 256 F.3d 1146, 1151 (11th Cir. 2001) (finding "substantial evidence" to support conclusion that defendant received notice of a scheduled court appearance, where "the clerk's office sent [defendant] notice of a hearing on an order to show cause concerning modification or revocation of his bond"). Here, Prescott concedes that the district court scheduled a revocation hearing, that he was informed of the hearing time by his probation officer, and that he knowingly and

3

intentionally left the courthouse and failed to appear for the revocation hearing, only to be apprehended weeks later. In light of these undisputed facts, we see no error in the district court's conclusion that Prescott "failed to appear" within the meaning of section 3146.

Prescott next argues that the district court relied on evidence of Prescott's participation in a barroom brawl when sentencing Prescott and that it was improper to do so because that evidence amounts to inadmissible, unsubstantiated hearsay. We disagree.

It is well established that revocation proceedings are informal proceedings in which the rules of evidence are not strictly enforced. *See, e.g.*, Fed. R. Evid. 1101(d)(3). Accordingly, "sentencing judges are not restricted to information that would be admissible at trial. Any information may be considered, so long as it has sufficient indicia of reliability to support its probable accuracy." *United States v. Simmons*, 164 F.3d 76, 79 (2d Cir. 1998) (citation and internal quotation marks omitted). Thus, it has long been held that a district court may consider hearsay evidence in sentencing proceedings. *See, e.g.*, *United States v. Martinez*, 413 F.3d 239, 242-43 (2d Cir. 2005). Here, although the district court observed that Prescott's "whole behavior" was "relevant" for sentencing purposes, it emphasized that it would only consider the uncharged conduct in question "if in fact there are factual findings in regard to an assault." Because the district court made no such findings, and, in any event, the government offered no proof with respect to the assault, it is clear from the record that the government's passing reference to the incident had no impact on the sentence that the district court ultimately imposed. For that reason, Prescott's argument in this respect must be rejected.

Prescott further argues that the district court's imposition of a conditional two-year term of supervised release amounted to an "impermissible delegation of judicial authority" to the

4

probation office, because defendant's term of supervised release could only be reduced at the discretion of the probation officer. Because Prescott failed to raise this objection before the district court at sentencing, we review Prescott's claim for plain error. *United States v. Dupes*, 513 F.3d 338, 343 (2d Cir. 2008). Under this standard, "there must be (1) an error, (2) that is plain and (3) that affects substantial rights. If these conditions are met, [we] may then exercise [our] discretion to correct the error, but only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.*

Here, the district court expressly retained the authority to shorten Prescott's term of supervised release, and did not in any way "leave the issue of the defendant's participation in [drug treatment] to the discretion of the probation officer." *United States v. Peterson*, 248 F.3d 79, 85 (2d Cir. 2001) (per curiam). To the contrary, the special condition left Prescott's freedom entirely in his own hands: if he remained drug free after one year of supervision by the probation office, the district court would terminate the remaining term of supervised release; if he did not, he would remain under supervision for the full term. Accordingly, because the district court "intend[ed] nothing more than to delegate to the probation officer details with respect to the selection and schedule of the program, such delegation was proper," *id.*, and in no way amounts to clear error.

Finally, Prescott argues that the district court failed to consider whether or not the sentence it imposed was sufficient but not greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a). We review the sentence imposed by the district court for reasonableness, "which is akin to review under an abuse-of-discretion standard." *United States v. Reyes*, 557 F.3d 84, 87 (2d Cir. 2009) (per curiam). Our review focuses on two

5

components:  procedure and substance.  *See United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc).  "We will . . . set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'"  *Id.* (quoting *United States v Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)).

Although Prescott contends that the district court failed to consider the factors enumerated in 18 U.S.C. § 3553(a) when imposing his sentence, we "'presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged [his] duty to consider the statutory factors' enumerated in § 3553(a)."  *United States v. Carter*, 489 F.3d 528, 540 (2d Cir. 2007) (quoting *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006) (alteration in original)).  Prescott identifies no such evidence.  Moreover, to the extent that Prescott challenges the substantive reasonableness of his sentence, it is clear that his sentence — which was at the low end of the applicable Guidelines range and which the district court carefully crafted so as to ensure that Prescott receives much-needed drug treatment — falls well "within the range of permissible decisions."  *Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

We have considered all of Prescott's remaining arguments and find them to be without merit.  Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By:_____

6