# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3680

_____

United States of America,

        Appellee,

v.

Ayman Frook,

        Appellant.

\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Missouri.

_____

Submitted: April 14, 2010
Filed: August 6, 2010

_____

Before RILEY, Chief Judge, COLLOTON, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Ayman Frook, a Jordanian national living in the United States as a permanent resident, pleaded guilty to a charge of using a social security number obtained on the basis of false information, in violation of 42 U.S.C. § 408(a)(7)(A). The district court[1] granted him permission to travel to Germany before sentencing, and when Frook later failed to appear as ordered, the court declared him a fugitive. Frook was extradited to the United States and sentenced to twelve months' imprisonment. He appeals,

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

raising challenges to the factual basis for his guilty plea, the validity of the indictment, and the sentence imposed. We affirm.

## I.

Frook came to the United States in 1991 on a visitor visa. He later obtained permanent legal resident status. In 1991, Frook applied for and received a social security number. Frook applied again for a social security number in 1995, stating that he had never before received a social security number, and this time spelling his name as "Froukh" on the application. The agency issued him a second number. In March 2002, Frook used the second number to apply for and receive a credit card.

In December 2005, a grand jury indicted Frook on three counts. Frook pleaded guilty to Count II, which charged that he "did willfully knowingly, and with intent to deceive, and for the purpose of applying for a credit card from Capitol One Services, Inc.," use a social security number obtained based on false information provided by Frook, in violation of 42 U.S.C. § 408(a)(7)(A). Pursuant to a plea agreement, the court dismissed Counts I and III on motion of the government.

The district court accepted Frook's guilty plea at a hearing on August 31, 2006. At this same hearing, the court granted Frook's request to travel to Germany before he was sentenced. When neither Frook nor his attorney appeared at his sentencing hearing, the court declared Frook a fugitive. When Frook finally was sentenced, the district court imposed a two-level adjustment for obstruction of justice under the advisory guidelines, and sentenced Frook within the advisory range to 12 months' imprisonment and three years of supervised release. Frook has served his term of imprisonment, and he has departed the United States.

II.

A.

Frook challenges his conviction on the ground that the district court committed several violations of Federal Rule of Criminal Procedure 11 during the colloquy designed to ensure that Frook's guilty plea was knowing and voluntary. The first alleged violation is that the district court did not determine that there was a factual basis for his plea, as required by Rule 11(b)(3). In *United States v. Cheney*, 571 F.3d 764, 768 (8th Cir. 2009), we observed that "[t]he law is unsettled about whether a defendant can appeal the adequacy of a factual basis after entering an unconditional guilty plea." This appeal requires that we return to that question.

We have held repeatedly that "[a] valid guilty plea is an admission of guilt that waives all non-jurisdictional defects and defenses." *United States v. Limley*, 510 F.3d 825, 827 (8th Cir. 2007). In this circuit, the rule dates at least to a series of decisions in the 1950s and 1960s, *e.g.*, *Peoples v. United States*, 412 F.2d 5, 7-8 (8th Cir. 1969); *Gunville v. United States*, 386 F.2d 184, 186 (8th Cir. 1967); *Hall v. United States*, 259 F.2d 430, 431-32 (8th Cir. 1958); *Woodring v. United States*, 248 F.2d 166, 169 (8th Cir. 1957), which in turn trace back to the Supreme Court's statement in *Kercheval v. United States*, 274 U.S. 220 (1927): "Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted *unless made voluntarily after proper advice and with full understanding of the consequences. When one so pleads*, he may be held bound. *United States v. Bayaud* (C.C.) 23 F. 721." *Id.* at 223-24 (emphasis added). The binding nature of the plea thus depends on the fact that it is made "voluntarily after proper advice" and with an understanding of the consequences. A "valid" guilty plea that waives non-jurisdictional defects, in other words, must be knowing and voluntary. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

Rule 11 is "meant to ensure that a guilty plea is knowing and voluntary," *United States v. Vonn*, 535 U.S. 55, 58 (2002), and the district court must follow a certain protocol designed to achieve that end. *See United States v. Gray*, 581 F.3d 749, 752 (8th Cir. 2009). The Supreme Court has established that when a defendant pleads guilty without proper advice under Rule 11, he may appeal the conviction under at least a plain error standard, *Vonn*, 535 U.S. at 59, with relief potentially available where the defendant can show "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Although a claim of error under Rule 11 is not the equivalent of a due process challenge to the plea, *id.* at 83, 84 n.10, a district court's failure to comply with Rule 11 calls into question the knowing and voluntary nature of a plea, and thus its validity. *See Vonn*, 535 U.S. at 73 n.10; *United States v. Garcia*, 587 F.3d 509, 520 (2d Cir. 2009) ("A challenge to the factual basis of a plea is . . . equivalent to a challenge to its voluntariness.").

*Vonn* and *Dominguez Benitez* establish that a plain error under Rule 11 may justify reversal of a conviction that was based on a guilty plea. Guilty pleas accepted after an imperfect Rule 11 colloquy, therefore, do not "waive" all errors under Rule 11. Having reviewed the matter anew, we see no good reason to treat alleged violations of Rule 11(b)(1) – concerning advise and questioning of the defendant – differently from alleged violations of Rule 11(b)(3) – concerning adequacy of a factual basis – when considering the availability of appellate review. If a district court accepts a guilty plea based on a set of facts that plainly and obviously does not constitute a federal offense, but nonetheless determines pursuant to Rule 11(b)(3) that the defendant's conduct did violate federal law, then there has been a violation of the Rule 11 scheme designed to ensure a knowing and voluntary plea. We think that such an error, like those at issue in *Vonn* and *Dominguez Benitez*, may be reviewed on direct appeal, albeit under the narrow plain error standard when the defendant does not object.

-4-

At oral argument in this case, the government indicated agreement with this view and invited a decision on the merits. Our conclusion also aligns with the circuit precedent of *United States v. Marks*, 38 F.3d 1009, 1012-13 (8th Cir. 1994), which reviewed on appeal the adequacy of a factual basis under Rule 11 despite an unconditional guilty plea. This court's decision in *United States v. Beck*, 250 F.3d 1163 (8th Cir. 2001), is in some tension with our conclusion, because it said that by pleading guilty, the defendant "waived his right to appeal" the district court's finding that there was a factual basis for one element of the offense. *Id.* at 1166. *Beck* did not, however, address the alleged error in the context of Rule 11(b)(3) and the colloquy designed to ensure a knowing and voluntary plea. And notwithstanding the statements about "waiver" of a challenge to the factual basis, the court ultimately concluded that there was "no plain error" in the district court's acceptance of the guilty plea, *id.* at 1167, thus sending arguably mixed signals about the availability of appellate review. We think the earlier decision in *Marks*, augmented by the plain-error analysis of the Supreme Court in *Vonn* and *Dominguez Benitez*, indicates the correct approach. *Accord Garcia*, 587 F.3d at 520-21; *United States v. Arenal*, 500 F.3d 634, 637 (7th Cir. 2007); *United States v. Caraballo-Rodriguez*, 480 F.3d 62, 69-70 (1st Cir. 2007); *United States v. Evans*, 478 F.3d 1332, 1338 (11th Cir. 2007); *United States v. Castro-Trevino*, 464 F.3d 536, 540-41 (5th Cir. 2006); *United States v. Martinez*, 277 F.3d 517, 531-32 (4th Cir. 2002).

Frook did not object to the district court's determination that there was an adequate factual basis, so we review only for plain error. To obtain relief on plain error review, Frook must show that the district court committed an error that was obvious and that affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 732-34 (1993). A defendant asserting a Rule 11 violation satisfies the substantial-rights prong of the inquiry if he demonstrates "a reasonable probability that, but for the error, he would not have entered the plea." *Dominguez Benitez*, 542 U.S. at 83. If the first three criteria are met, then this court should correct the error if it "seriously

affects the fairness, integrity, or public reputation of judicial proceedings." *Olano*, 507 U.S. at 736 (internal quotation omitted).

Rule 11(b)(3) requires that, "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." This provision is "satisfied by the existence of sufficient evidence at the time of the plea upon which a court may reasonably determine that the defendant likely committed the offense." *United States v. Gamble*, 327 F.3d 662, 664 (8th Cir. 2003) (internal quotation omitted). The court may consider stipulated facts in a plea agreement along with any other evidence presented at a plea hearing. *See id.*

Although the district court did not set forth its reasons for accepting Frook's plea, the record reflects that a factual basis did exist. Frook stipulated that he provided false information in his second application for a social security number and later used that number to obtain a credit card. He stated at his plea hearing that he did so with the intent to deceive. The circumstantial evidence corroborated Frook's admission that he intended to deceive the issuer of the credit card. His provision of a second social security number that was procured with false information precluded an investigation into any credit history associated with Frook's first social security number. Frook's admissions and the accompanying circumstantial evidence thus provide an adequate factual basis for Frook's guilty plea, and the district court did not plainly err in accepting it.

Frook complains that the district court "bullied" him into admitting that he acted with an intent to deceive after Frook hesitated to acknowledge his guilt. While the court did suggest that a trial would be necessary after Frook initially seemed to claim that he lacked the requisite intent, and did then employ colorful banter concerning the tension between Frook's extensive educational background and his asserted ignorance about the impropriety of his second application for a social security number, the colloquy simply forced Frook to make a definitive statement about

whether or not he committed the offense. Once Frook admitted that he acted with an intent to deceive, the court questioned him further to confirm that he wished to stand by that admission. Frook had ample opportunity to refrain from pleading guilty and to proceed to trial if he so desired.

Aside from the factual basis for his plea Frook asserts that the district court violated several other provisions of Rule 11(b) concerning the acceptance of a defendant's guilty plea. He did not object to any of these alleged shortcomings in the district court, so we review each contention for plain error. *Vonn*, 535 U.S. at 58-59.

Frook contends that the district court violated Rule 11(b)(2), which requires the court to determine that a defendant's plea "did not result from force, threats, or promises (other than promises in a plea agreement)." He argues that his eagerness to return promptly to Germany to address family issues left him no choice but to plead guilty so that he could avoid the delays associated with a trial. He says that the district court had been notified in advance about the urgency of his family situation, when Frook petitioned to travel outside the United States, and that the court erred by not inquiring into the effect of that situation on his plea.

Frook has not established plain error warranting relief on this point. The court, in accordance with Rule 11(b)(2), asked both Frook and his attorney whether any threats or promises had been made beyond the scope of the plea agreement, and both answered in the negative. It is not obvious why Frook's emotional concerns about his family constitute a "threat" or "promise" within the meaning of Rule 11, and the rule by its terms does not require a specific inquiry into these matters.

Frook also argues that the district court plainly erred by failing to comply with Rule 11(b)(1)(A) and Rule 11(b)(1)(N). The former required the court to advise him that the government, in a future prosecution for perjury, could use against Frook any statement that he made under oath at the plea hearing. The court did fail to provide

this advice, but Frook has not even attempted to show that this error affected his substantial rights. Nothing in the record suggests that, but for the omission, he would not have pled guilty. Similarly, Frook has not demonstrated that the district court's failure to advise him of terms in the plea agreement waiving the right to appeal, as required by Rule 11(b)(1)(N), affected his decision to plead guilty.[2]

B.

Frook also challenges the indictment, asserting that a deficiency in the allegation of Count II deprived the district court of jurisdiction. He asserts that an indictment charging a violation of 42 U.S.C. § 408(a)(7)(A) must allege facts demonstrating "intent to deceive," and that Count II was defective because it failed to include such allegations. Frook apparently recognizes that a valid guilty plea waives all non-jurisdictional defects, *e.g.*, *Limley*, 510 F.3d at 827, but he contends that the alleged flaw in the indictment left the district court "without jurisdiction" over Count II. His challenge fails, because "defects in an indictment do not deprive a court of its power to adjudicate a case." *United States v. Cotton*, 535 U.S. 625, 630 (2002); *see United States v. Todd*, 521 F.3d 891, 895 (8th Cir. 2008). Having concluded that Frook's guilty plea was valid, we further conclude that he waived any challenge to the indictment.

C.

Frook's final argument is that the district court clearly erred in calculating the advisory guideline range when it applied a two-level sentencing enhancement for obstruction of justice, pursuant to USSG § 3C1.1. Because Frook has served his term

---

[2]The government has waived any claim that Frook waived his right to appeal by declining to brief that question in this court. *Cf. United States v. Borrero-Acevedo*, 533 F.3d 11, 18 (1st Cir. 2008).

of imprisonment and departed the United States, this question is moot. *United States v. Vera-Flores*, 496 F.3d 1177, 1180-81 (10th Cir. 2007).

* * *

The judgment of the district court is affirmed.

_____