# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1692

_____

United States of America

*Plaintiff - Appellee*

v.

Jeremiah Wroblewski

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: February 10, 2016
Filed: March 15, 2016

_____

Before SMITH, COLLOTON, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Jeremiah Wroblewski pled guilty to violating 18 U.S.C. § 3146(a)(1) based on his failure to appear at a supervised release revocation hearing. We conclude that the district court plainly erred by accepting Wroblewski's plea without establishing an adequate factual basis for the plea. We therefore vacate the conviction and sentence.

In October 2005, Wroblewski was sentenced to 8 years in prison and 3 years of supervised release for possessing a firearm and ammunition after he had been convicted of misdemeanor crimes of domestic violence. See United States v. Wroblewski, No. 05-cr-2002 (N.D. Iowa Oct. 26, 2005). In June 2012, he started his first term of supervised release, but in December 2012, the district court revoked his release, sentencing him to 12 months in prison and 24 months of supervised release. In November 2013, Wroblewski began his second term of supervised release, but in May 2014, his probation officer petitioned to again revoke his release. The district court scheduled a June 3, 2014 hearing on the petition, and Wroblewski was served a summons to appear at the revocation hearing. Wroblewski did not appear and was arrested two days later. The court thereafter revoked his supervised release and sentenced him to 14 months in prison with no additional supervised release.

In this action, an August 2014 one-count indictment charged Wroblewski with failure to appear for the June 3 revocation hearing, in violation of section 3146(a)(1) (whoever, after being released under 18 U.S.C. Chapter 207, knowingly fails to appear before court as required by conditions of release, commits criminal offense). Wroblewski pled guilty, and the district court sentenced him to 21 months in prison, to be served consecutively to his 14-month revocation sentence, followed by 3 years of supervised release.

II.

Wroblewski argues on appeal that he had not been released under Chapter 207, and thus could not have violated section 3146(a)(1) by failing to appear at his revocation hearing pursuant to the summons. If, during a defendant's term of supervised release, there is probable cause to believe he has violated a condition of his release, the probation officer may initiate a warrantless arrest. See 18 U.S.C.

§ 3606. Alternatively, the district court may issue a warrant for his arrest or a summons directing him to appear at an initial hearing. Federal Rule of Criminal Procedure 32.1 provides that a defendant may appear at the initial hearing pursuant to a summons or, if he is held in custody for an alleged supervised release violation, he must be taken before the court for an initial appearance. See Fed. R. Crim. P. 32.1(a)(1)-(2). At the initial appearance, the district court may release or detain the defendant under 18 U.S.C. § 3143(a)(1), a provision of the Bail Reform Act found in Chapter 207, pending further proceedings. See Fed. R. Crim. P. 32.1(a)(6); Fed. R. Crim. P. 46(d) (Rule 32.1(a)(6) governs release from custody pending hearing on violation of supervised release); see also 18 U.S.C. § 3141 et seq.

## III.

The government argues that Wroblewski's receipt of the summons effectively released him under Chapter 207, and cites to cases in which defendants have been convicted under section 3146(a)(1) based on their failure to appear at supervised release revocation hearings. In each of the cited cases, however, the defendant had previously appeared before the court, either after an arrest or pursuant to a summons, and had thereafter been permitted to leave on his own recognizance. See United States v. Woodard, No. 4:10-CR-3083, 2011 WL 1790818, at *1-2 (D. Neb. Apr. 19, 2011) (unpublished order) (district court released defendant at conclusion of initial appearance, pending supervised release revocation hearing, and at close of revocation hearing, pending sentencing on violations; defendant's continued release was governed by Bail Reform Act even though district judge did not specifically state authority under which he was released); United States v. Williard, 726 F. Supp. 590, 591-95 (E.D. Pa. 1989) (release after sentencing to voluntarily report for service of revocation sentence); United States v. Garner, 478 F. Supp. 1, 2-4 (W.D. Tenn. 1978) (district court found defendant guilty of probation violation, revoked his probation, imposed prison term, and granted leave for defendant to self-report for service of sentence; rejecting defendant's argument that he could not have been released under

Bail Reform Act because his initial appearance was pursuant to summons rather than warrant; defendant who is summonsed to appear and who appears in presence of court, clerk, and marshal is at that time sufficiently in custody to activate Chapter 207 release provisions); cf. United States v. Prescott, No. 2:01-cr-129 (D. Vt. Apr. 11, 2008) (finding that defendant violated condition of supervised release by failing to appear at final revocation hearing after he had appeared at initial hearing and district court had released him pending further proceedings), aff'd, 360 F. App'x 209 (2d Cir. 2010) (unpublished order).

We conclude that a defendant who has merely been served with a summons, but who has not yet appeared in court pursuant to that summons, has not been "released under" Chapter 207. Wroblewski had been served a summons, but had not yet appeared in court pursuant to that summons. He therefore had not been released under Chapter 207 when he failed to appear at his supervised release revocation hearing, and could not have violated section 3146(a)(1). See United States v. Bodiford, 753 F.2d 380, 381-82 (5th Cir. 1985) (defendant who had not appeared before judicial officer could not have been "released" under Bail Reform Act; "[r]elease" within meaning of Bail Reform Act is essential element of offense of bail-jumping under Bail Reform Act).

IV.

Before a district court enters judgment on a defendant's guilty plea, it must determine that there is an adequate factual basis for the plea. See Fed. R. Crim. P. 11(b)(3). The record must contain sufficient evidence upon which the district court may reasonably determine that the defendant likely committed the offense. See United States v. Frook, 616 F.3d 773, 776 (8th Cir. 2010). If a district court accepts a guilty plea based on a set of facts that plainly and obviously does not constitute a federal offense, but nonetheless determines pursuant to Rule 11(b)(3) that the defendant's conduct constituted such an offense, there has been a violation of Rule

11's scheme to assure knowing and voluntary pleas. Id. at 775. Where a defendant does not object to a Rule 11(b)(3) violation in the district court, we review only for plain error. Id. at 776.

To obtain relief on plain-error review, a defendant must show that the district court committed an error that was plain and that affected his substantial rights. Id. (under plain-error review, defendant must show that district court committed error, that error was obvious, and that error affected his substantial rights). A defendant satisfies the substantial-rights prong of the plain-error inquiry by demonstrating that, but for the Rule 11 violation, he would not have entered his plea. Id. Where a defendant meets these criteria, this court should correct the error if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. The district court's error was plain: Wroblewski had not been released under Chapter 207, an essential element of the crime to which he entered his plea. The error affected Wroblewski's substantial rights because there is a reasonable probability that he would not have pled guilty had he known there was no factual basis for the plea. The record shows that Wroblewski's conduct did not, as a matter of law, meet all of the elements of the crime to which he pled guilty, a fact that necessarily and seriously affects the fairness, integrity, and public reputation of the district court proceedings. See United States v. Olano, 507 U.S. 725, 735-37 (1993) ("The court of appeals should no doubt correct a plain forfeited error that causes the conviction or sentencing of an actually innocent defendant."). We thus exercise our discretion to correct the error.

Accordingly, we vacate Wroblewski's conviction and sentence.

_____