# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4428

_____

Samuel Bryce Silk, Jr.

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: February 22, 2018
Filed: February 23, 2018
[Unpublished]

_____

Before GRUENDER, MURPHY, and KELLY, Circuit Judges.

_____

PER CURIAM.

Samuel Bryce Silk, Jr. appeals the district court's denial of his motion for relief under 28 U.S.C. § 2255 after it sua sponte enforced a collateral review waiver in his plea agreement. Silk's motion raises one claim: that he could not, as a matter of law, have committed the crime to which he pleaded guilty, domestic assault as a habitual offender, in violation of 18 U.S.C. § 117.

Upon de novo review, we conclude that the collateral review waiver is unenforceable because, during the plea hearing, the district court neither informed Silk of the terms of the waiver, nor determined that he understood its terms. See Fed. R. Crim. P. 11(b)(1)(N); United States v. Boneshirt, 662 F.3d 509, 516 (8th Cir. 2011). We therefore vacate the denial of Silk's § 2255 motion, and remand the case to the district court for further consideration. We leave for the district court to determine in the first instance: (1) whether any other procedural hurdles preclude consideration of Silk's claim on the merits; and (2) if not, whether Silk had at least two prior qualifying convictions that were "final" on July 12, 2014, when the events underlying this case occurred. See 18 U.S.C. § 117(a)(1) (requiring, as relevant, that a defendant's prior convictions be both "final" and "against a spouse or intimate partner"); see also United States v. Wroblewski, 816 F.3d 1021, 1024–25 (8th Cir. 2016); United States v. Frook, 616 F.3d 773, 774–76 (8th Cir. 2006). Finally, we note that Silk attacks the validity of his conviction, and his currently scheduled release date is May 11, 2018. We are confident the district court will act expeditiously.

Mandate to issue forthwith.

_____