# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2936

_____

United States of America

*Plaintiff - Appellee*

v.

Henry Trevillion

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: April 25, 2019
Filed: May 9, 2019
[Unpublished]

_____

Before COLLOTON, WOLLMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Henry Trevillion directly appeals after he pleaded guilty to drug and firearm offenses, and the district court[1] imposed statutory minimum prison terms. His

_____

[1]The Honorable John M. Gerrard, Chief Judge, United States District Court for the District of Nebraska.

counsel has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that there was an inadequate factual basis for Trevillion's plea as to the firearm offense, and that the district court plainly erred in accepting his guilty plea. Counsel has also moved for leave to withdraw. Trevillion has filed a pro se brief, essentially repeating counsel's arguments, and additionally arguing that he received ineffective assistance of counsel, which rendered his guilty plea partially invalid.

Initially, we decline to address Trevillion's ineffective-assistance argument in this direct appeal. <u>See</u> <u>United States v. Hernandez</u>, 281 F.3d 746, 749 (8th Cir. 2002) (generally, ineffective-assistance claim is not cognizable on direct appeal); <u>see also</u> <u>United States v. Ramirez-Hernandez</u>, 449 F.3d 824, 827 (8th Cir. 2006) (this court considers ineffective-assistance claims on direct appeal only where record has been fully developed, not acting would amount to plain miscarriage of justice, or counsel's error is readily apparent). Regarding the argument that there was an inadequate factual basis for Trevillion's plea as to the firearm offense, we conclude that the district court did not plainly err, as it was undisputed that Trevillion sold cocaine base and a handgun in simultaneous transactions. <u>See</u> <u>United States v. Wroblewski</u>, 816 F.3d 1021, 1024-25 (8th Cir. 2016) (standard of review; before entering judgment on guilty plea, district court must determine there is adequate factual basis for plea); <u>United States v. Claude X</u>, 648 F.3d 599, 603-04 (8th Cir. 2011) (discussing meaning of 18 U.S.C. § 924(c), setting forth firearm offense). Furthermore, because there was a factual basis for Trevillion's plea, and in light of statements he made at the plea hearing, we conclude that his guilty plea was knowing and voluntary. <u>See</u> <u>United States v. Martinez-Cruz</u>, 186 F.3d 1102, 1104 (8th Cir. 1999) (guilty plea must be knowing and voluntary); <u>Nguyen v. United States</u>, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements made during plea hearing carry strong presumption of verity).

Finally, we have independently reviewed the record pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and conclude there are no nonfrivolous issues. Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____