# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1877

_____

United States of America

*Plaintiff - Appellee*

v.

Randall E. Buckner

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 13, 2020
Filed: February 25, 2020
[Unpublished]

_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Randall E. Buckner pled guilty to drug and firearm offenses pursuant to a plea agreement containing an appeal waiver. The district court[1] imposed a Guidelines-

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

range sentence. Having jurisdiction under 28 U.S.C. § 1291, this court dismisses the appeal in part based on the appeal waiver, and otherwise affirms.

Counsel has moved for leave to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the factual basis for Buckner's guilty plea based on *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (for a felon-in-possession offense, government must prove, inter alia, that defendant knew he belonged to the category of persons barred from possessing a firearm). Counsel also challenges the validity of the appeal waiver based on the district court's statement at sentencing that Buckner could appeal, and argues the district court erred in applying a Guidelines enhancement.

The district court did not plainly err in accepting Buckner's guilty plea. *See United States v. Wroblewski*, 816 F.3d 1021, 1025 (8th Cir. 2016) (plain-error review applies where a defendant does not object in the district court; to obtain relief on plain-error review, defendant must show error that was plain and that affected his substantial rights); *see also United States v. Frook*, 616 F.3d 773, 775 (8th Cir. 2010) (error in determining factual basis exists for plea calls into question the knowing and voluntary nature of a plea). This court also concludes that the appeal waiver is enforceable as to Buckner's challenge to the Guidelines enhancement. *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into waiver and plea agreement, and enforcing waiver would not result in miscarriage of justice); *United States v. Michelsen*, 141 F.3d 867, 872 (8th Cir.1998) (statement at sentencing that defendant could appeal within 10 days from the entry of judgment did not negate appeal waiver).

The appeal is dismissed in part, and the judgment is affirmed. Counsel's motion to withdraw is granted.

_____