# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 18-1908

———————————————

Samuel Bryce Silk, Jr.,

*Petitioner - Appellant,*

v.

United States of America,

*Respondent - Appellee.*

——————————

Appeal from United States District Court
for the District of North Dakota - Bismarck

——————————

Submitted: October 18, 2019
Filed: April 6, 2020

——————————

Before COLLOTON, WOLLMAN, and KELLY, Circuit Judges.

——————————

COLLOTON, Circuit Judge.

Samuel Silk, Jr., appeals the district court's judgment denying his motion to vacate his sentence imposed under 18 U.S.C. § 117 for the crime of domestic assault

by a habitual offender in Indian country. We conclude that Silk's challenge is procedurally defaulted, and we therefore affirm the judgment of the district court.[1]

Silk was convicted under 18 U.S.C. § 117 after he assaulted his girlfriend on July 12, 2014. The conviction as a "habitual offender" required proof that he committed domestic assault in Indian country after sustaining two prior convictions for offenses enumerated in § 117(a). The qualifying predicate offenses include an offense that would be, if subject to federal jurisdiction, "any assault, sexual abuse, or serious violent felony against a spouse or intimate partner." 18 U.S.C. § 117(a)(1). The indictment alleged that Silk committed domestic assault on July 12, 2014, after he had sustained two prior convictions in tribal court: one for domestic violence in November 2011, and another for domestic violence on July 14, 2014.

Silk pleaded guilty in February 2015, and the district court sentenced him to 37 months in prison. Silk did not appeal. In March 2016, he moved under 28 U.S.C. § 2255 to vacate his sentence on the ground that the second predicate tribal conviction did not become final until two days after the July 2014 assault against his girlfriend. Silk argued that he thus did not violate the habitual offender provision of § 117, because he had not sustained two qualifying convictions at the time of the domestic assault.

The district court determined that Silk had waived in his plea agreement the right to mount a collateral attack on his conviction under § 117. But a panel of this court concluded that the waiver was unenforceable, and remanded the case for further proceedings. *Silk v. United States*, 712 F. App'x 586 (8th Cir. 2018) (per curiam). On remand, the district court determined that Silk's challenge to the conviction under § 117 was procedurally defaulted because he did not raise it on direct appeal. The

---

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

court also concluded that even without considering the disputed tribal court conviction from 2014, Silk had two qualifying predicate convictions that were final on the date that he committed domestic assault: the conviction for domestic violence in tribal court from 2011, and a conviction for simple assault in Bismarck Municipal Court from 2013 in which his intimate partner was a victim.

Silk challenges the district court's conclusion on procedural default. There are strict limits, however, on when a guilty plea may be attacked on collateral review under § 2255. Ordinarily, where a defendant does not challenge his guilty plea on direct appeal, he may not do so in a collateral attack. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (internal quotation omitted).

Silk argues that he may proceed with a collateral attack under an exception to procedural default for one who is "actually innocent." In this context, "actual innocence" means "factual innocence, not mere legal insufficiency." *Id*. at 623. Therefore, in evaluating procedural default, the court is not limited to the record created at Silk's guilty plea, and may consider any evidence bearing on whether Silk is "actually innocent" of the charged offense. The government produced evidence concerning the 2013 conviction in Bismarck in response to Silk's collateral attack.

The government contends that Silk's argument that two of his prior convictions do not qualify as predicate offenses under § 117 is a claim of "legal, not factual, innocence," and that the "actual innocence" exception to procedural default therefore cannot apply. *Anderson v. United States*, 25 F.3d 704, 707 (8th Cir. 1994); *see United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010). We need not resolve that issue, because the record demonstrates that Silk had sustained two qualifying convictions before the date of the instant offense, so he cannot show innocence of either type.

Silk concedes that the 2011 conviction for domestic violence counts as a predicate, and the government acknowledges that the 2014 tribal court conviction does not qualify because it was not final. The dispute centers on the 2013 conviction from Bismarck Municipal Court for simple assault.

Silk contends that the 2013 conviction does not qualify because the Bismarck ordinance under which he was convicted does not define an offense that is, categorically, "any assault . . . against a spouse or intimate partner." 18 U.S.C. § 117(a)(1). Silk implies that "assault" in § 117 carries the meaning of that term under the federal criminal code for offenses committed within the territorial jurisdiction of the United States. *See* 18 U.S.C. § 113. He then posits that the Bismarck assault ordinance includes offenses committed with a *mens rea* of negligence, whereas the federal assault statute excludes negligent conduct. Therefore, Silk says, even if the facts show that he intentionally assaulted an intimate partner, the Bismarck assault offense does not categorically qualify as "any assault" within the meaning of § 117. The district court concluded that the categorical approach did not apply and rejected this argument.

We need not decide whether § 117 calls for a categorical approach, because Silk does not prevail if we assume that mode of analysis. The Bismarck Municipal Code provides that a person is guilty of simple assault if he:

1. Willfully causes bodily injury to another human being; or

2. Negligently causes bodily injury to another human being by means of a firearm, destructive device, or other weapon, the use of which against a human being is likely to cause death or serious bodily injury.

Bismarck Mun. Code § 6-03-01. Silk acknowledges that the two subsections are framed in the disjunctive, which suggests that the provision is divisible into two

-4-

alternative versions of the crime. We agree that is the better reading of the ordinance. *See Mathis v. United States*, 136 S. Ct. 2243, 2256-57 (2016).

With a divisible ordinance, we apply the modified categorical approach to determine which version of the offense Silk committed. *See Descamps v. United States*, 570 U.S. 254, 257 (2013). To do so, we may consult the judicial records of his Bismarck case. *See Shepard v. United States*, 544 U.S. 13, 20-21 (2005). The parties entered evidence of the charging complaint, a register of actions, and the judgment in the case. Silk acknowledges that these records may be considered.

Silk contends that the judicial records do not show whether he was convicted under subsection (1) or subsection (2) of the ordinance, because the records refer only to § 6-03-01 and do not identify a subsection. But while it is true that the documents do not include a statutory citation to § 6-03-01(1) or § 6-03-01(2), they do make clear that Silk was convicted under subsection (1).

The complaint alleges that Silk "wilfully and unlawfully caused bodily injury to another human being to wit: struck his brother, S.S., and V.M. causing injury." The judgment and the register of actions show that he entered a plea of guilty to the charge. The offense charged in the complaint necessarily falls under subsection (1), because it was committed "wilfully" (not negligently) and by striking another person to cause injury (not by means of a firearm, destructive device, or other weapon). We therefore conclude that Silk was convicted of committing simple assault by willfully causing bodily injury to another person.

Silk does not dispute that a conviction under subsection (1) qualifies as an "assault" under 18 U.S.C. § 117, and we agree. The Bismarck ordinance requires that a defendant cause injury, and therefore complete a battery, and that he act "willfully," which means "intentionally, knowingly, or recklessly." *See* Bismarck Mun. Code § 6-01 (incorporating N.D. Cent. Code § 12.1). Assuming for the sake

of analysis that "assault" under § 117 carries the meaning of "assault" under 18 U.S.C. § 113 (rather than, say, the contemporary, generic meaning of "assault" under Model Penal Code § 211.1(1)), a violation of subsection (1) of the Bismarck ordinance matches the federal statute.

The federal assault statute does not specify the elements of the offense, so we look to the common law for guidance. *See Sekhar v. United States*, 570 U.S. 729, 732 (2013). At common law, assault included a battery, which could be shown if the defendant's conduct was reckless. *See United States v. Loera*, 923 F.2d 725, 728 (9th Cir. 1991) (citing, *inter alia*, F. Wharton, *Wharton's Criminal Law* § 178 at 296 (C. Torcia 14th ed. 1979)); *United States v. Ashley*, 255 F.3d 907, 911 & n.4 (8th Cir. 2001). Silk's "willful" assault causing injury under the Bismarck ordinance thus would be a battery that qualifies as an "assault" under 18 U.S.C. § 113 if subject to federal jurisdiction. Once it is established that the defendant committed a qualifying assault, Silk concedes that the victim's status as an intimate partner need not be an element of the predicate offense. *Cf. United States v. Hayes*, 555 U.S. 415, 418 (2009). And it is undisputed that one victim of his Bismarck assault, V.M., was his intimate partner. Therefore, Silk's conviction under § 6-03-01(1) of the Bismarck Code was for an offense that would be, if subject to federal jurisdiction, an assault against an intimate partner.

For these reasons, Silk cannot show that he is "actually innocent" of the offense to which he pleaded guilty, and his challenge to the sentence is procedurally defaulted. The judgment of the district court is affirmed.

———————————————————