# United States Court of Appeals

### For the Eighth Circuit

_____

No. 20-1232

_____

Anthony Dwayne Clay

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: December 14, 2020
Filed: January 20, 2021
[Unpublished]

_____

Before GRUENDER, ERICKSON, and KOBES, Circuit Judges.

_____

PER CURIAM.

Anthony Dwayne Clay pled guilty to being a felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court,[1] after a Presentence Investigation Report ("PSIR") was prepared, sentenced him to 84 months' imprisonment. Although granted an extension until August 26, 2018, to file a notice of appeal, Clay chose not to appeal.

After the Supreme Court decided in Rehaif v. United States, 588 U.S. __, 139 S.Ct. 2191, 2200 (2019), that, to be convicted under § 922(g), the defendant must have known he was a person barred from possessing a firearm, Clay filed a petition for habeas corpus relief under 28 U.S.C. § 2255. He alleged that he was actually innocent because he did not know that he was prohibited from possessing a firearm. Clay asserts on appeal that Rehaif is not dispositive in his case because "the substantive law existed prior to Rehaif." Clay instead argues that his plea was invalid because neither his plea agreement nor the district court established that he knew he was a felon. Because Clay did not raise this issue in the initial proceedings before the district court or on direct appeal, he has procedurally defaulted his claim. See Bousley v. United States, 523 U.S. 614, 621 (1998) (explaining the "strictly limited" circumstances under which a guilty plea may be attacked on collateral review and noting "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal."); Silk v. United States, 955 F.3d 681, 683 (8th Cir. 2020) (a defendant may not collaterally attack a guilty plea that he did not challenge on direct appeal).

When a claim has been procedurally defaulted, it may be raised in a habeas proceeding only if Clay can demonstrate either cause and actual prejudice, or actual innocence. Bousley, 523 U.S. at 622 (cleaned up). Clay's argument that he is entitled to the protection of the laws existing prior to Rehaif demonstrates his claim was

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

reasonably available before the deadline to appeal expired and undermines any attempt to establish cause. Clay also cannot show prejudice since he admitted in his plea agreement and again at the change of plea hearing that he had been previously convicted of a crime punishable by more than a year's imprisonment. In fact, the plea agreement specifically identified four crimes for which Clay was punished with a term of imprisonment exceeding one year.

Finally, Clay's actual innocence claim is without merit. The record forecloses any plausible argument that Clay did not know he was a felon. According to the PSIR, Clay's criminal history, in relevant part, included convictions that gave rise to the imposition of sentences that ranged from 10 and 6 years on the higher end down to 4 and 2 years on the lower end. Because Clay spent more than a year in prison on at least five separate occasions, his criminal history would have undoubtedly provided sufficient evidence to prove Clay knew his status as felon at the time he committed this federal offense. See United States v. Welch, 951 F.3d 901, 907 (8th Cir. 2020) (finding, after Rehaif, it was not reasonably probable for the defendant to show his substantial rights were affected because he had several felony convictions in which he previously received and served prison sentences longer than one year); see also Bousley, 523 U.S. at 623 (to establish actual innocence, a petitioner must show that it is more likely than not that no reasonable juror would have convicted him).

For the foregoing reasons, we affirm the judgment of the district court.

_____