# United States Court of Appeals

### For the Eighth Circuit

_____

No. 21-1720
_____

United States of America

*Plaintiff - Appellee*

v.

Taurus D. Hoyle

*Defendant - Appellant*

_____

No. 21-1721
_____

United States of America

*Plaintiff - Appellee*

v.

Taurus D. Hoyle

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: October 12, 2021
Filed: October 15, 2021
[Unpublished]

_____

Before COLLOTON, SHEPHERD, and STRAS, Circuit Judges.
_____

PER CURIAM.

In these consolidated appeals, Taurus Hoyle appeals the sentence imposed by the district court[1] at his consolidated sentencing after he pleaded guilty to being a felon in possession of ammunition and his supervised release was revoked. His counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sentence. Hoyle has filed a pro se brief challenging his sentence and the factual basis of his plea.

Upon careful review, we conclude that Hoyle knowingly and voluntarily entered into the plea agreement, as he confirmed the factual basis for his plea under oath. See United States v. Frook, 616 F.3d 773, 775-76 (8th Cir. 2010) (error in determining existence of factual basis for plea calls into question knowing and voluntary nature of plea, and thus its validity; challenge to factual basis is reviewed for plain error if not objected to in the district court); United States v. Green, 521 F.3d 929, 931 (8th Cir. 2008) (whether a plea was knowing and voluntary is reviewed de novo); United States v. Andis, 333 F.3d 886, 890-91 (8th Cir. 2003) (one important way district court can ensure plea agreement is knowing and voluntary is to question defendant about decision to enter into agreement); see also Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea-taking carry strong presumption of verity).

We also conclude that the appeal waiver is valid, enforceable, and applicable to the challenges to the substantive reasonableness of the ammunition possession

_____

[1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

sentence.  See <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (validity and applicability of an appeal waiver is reviewed de novo); <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice).

To the extent Hoyle challenges the reasonableness of his supervised release revocation sentence, we conclude it was not substantively unreasonable.  See <u>United States v. Miller</u>, 557 F.3d 910, 915-18 (8th Cir. 2009) (substantive reasonableness of revocation sentence is reviewed under deferential abuse-of-discretion standard).

We have also independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal falling outside the scope of the waiver.  Accordingly, we dismiss in part based on the appeal waiver, otherwise affirm, and we grant counsel's motion to withdraw.

_____